DARREN M. BALDO (DB 9282)
DARREN M. BALDO, ESQ, CPA, LLM
Attorney at Law, LLC
4093 Quakerbridge Rd.
Princeton Jct., NJ 08550
Phone: 609-799-0090 / Fax: 609-799-0095
Darren@dbaldolaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No.: 3:13-cv-01092-AET-TJB |
| Plaintiff, : | |
| v. : | |
| : | |
| DARREN COMMANDER and : | |
| KENNETH SKERIANZ, : | **AMENDED ANSWER WITH AMENDED** |
| : | **AFFIRMATIVE DEFENSES, AMENDED** |
| Defendants. : | **COUNTERCLAIM, AMENDED** |
| : | **CROSSCLAIMS AND THIRD** |
| KENNETH SKERIANZ, : | **PARTY COMPLAINT** |
| : | |
| Third-Party Plaintiff : | |
| : | |
| v. : | |
| : | |
| FRANK DRAGOTTO, : | |
| : | |
| Third-Party Defendant.: | |

Defendant KENNETH SKERIANZ (hereinafter referred to as the "**Skerianz**"), by and through his undersigned counsel, by way of this Amended Answer with Affirmative Defenses, Amended Counterclaims against the Plaintiff United States of America (hereinafter referred to as the "**United States**"), and Amended Crossclaims against co-defendant Darren Commander (hereinafter referred to as "**Commander**"), and Third Party Complaint against Frank Dragotto ("**Dragotto**") so defends, counterclaims, crossclaims and complains, respectively, as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

**COUNT I – REDUCE FEDERAL TRUST FUND RECOVERY PENALTY TAX ASSESSMENTS AGAINST SKERIANZ DARREN COMMANDER TO JUDGMENT.**

8. Skerianz repeats each and every one of his prior statements hereinabove as if fully set forth in this paragraph.

9. Admitted that Commander was the President of Darken Architectural Woodwork & Installation LLC (hereinafter referred to as "**Darken**") but denied as to the remainder of the statements made in paragraph 9 of the Complaint.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Skerianz lacks sufficient knowledge to admit or deny the statements contained in paragraph 14 of the Complaint.

15. Skerianz lacks sufficient knowledge to admit or deny the statements contained in paragraph 15 of the Complaint.

16. Skerianz lacks sufficient knowledge to admit or deny the statements contained in paragraph 16 of the Complaint.

17. Skerianz lacks sufficient knowledge to admit or deny the statements contained in paragraph 17 of the Complaint.

18. Skerianz lacks sufficient knowledge to admit or deny the statements contained in paragraph 18 of the Complaint.

19. Skerianz lacks sufficient knowledge to admit or deny the statements contained in paragraph 19 of the Complaint.

20. Skerianz lacks sufficient knowledge to admit or deny the statements contained in paragraph 20 of the Complaint.

WHEREFORE, Skerianz demands judgment in favor of Skerianz, to dismiss the Complaint, to award Skerianz his costs and expenses, including his reasonable attorneys' fees, and to award to Skerianz any other relief this Court deems just.

**COUNT II – REDUCE FEDERAL TRUST FUND RECOVERY PENALTY TAX ASSESSMENTS AGAINST SKERIANZ DARREN COMMANDER TO JUDGMENT.**

21. Skerianz repeats each and every one of his prior statements hereinabove as if fully set forth in this paragraph.

22. Admitted.

23. Admitted.

24. Denied.

25. Denied.

26. Skerianz lacks sufficient knowledge or information to admit or deny the statements made by the United States in paragraph 26 of the Complaint.

27. Denied.

28. Skerianz lacks sufficient knowledge or information to admit or deny the statements made by the United States in paragraph 28 of the Complaint.

29. Denied.

30. Skerianz lacks sufficient knowledge or information to admit or deny the statements made by the United States in paragraph 30 of the Complaint.

31. Denied.

32. Skerianz lacks sufficient knowledge or information to admit or deny the statements made by the United States in paragraph 32 of the Complaint.

WHEREFORE, Skerianz demands judgment in favor of Skerianz, to dismiss the Complaint, to award Skerianz his costs and expenses, including his reasonable attorneys' fees, and to award to Skerianz any other relief this Court deems just.

## FACTS

33. Commander and Skerianz were business partners in three different entities, which were as follows: Darken Architectural Woodworking & Installation LLC (hereafter referred to as "**Darken**"), Metropolitan Woodworking Installation LLC (hereafter referred to as "**Metropolitan**") and 601 Lehigh Ave. Assoc. LLC (hereafter referred to as "**Lehigh**") (Darken, Metropolitan and Lehigh are sometimes hereafter referred to as the "**companies**").

34. Darken was a company engaged in the installation of woodworking products and services.

35. Metropolitan was a company engaged in the manufacture and fabrication of woodworking products.

36. The equity ownership interests of Darken and Lehigh were each owned equally by Commander and Skerianz.

37. Metropolitan was owned equally by Commander, Skerianz and Sharon LoGiudice.

38. Lehigh was formed solely to hold ownership in real property located at 601 Lehigh Ave., Union, NJ, which was the business location of Darken and Metropolitan (hereafter referred to as the "**Union Property**").

39. The parties made and executed Operating Agreements by and between them for and concerning their ownership interests in Metropolitan and Lehigh but not for Darken.

40. Commander was the sole person having control and authority of the check-writing, banking and bank accounts of Darken, Metropolitan and Lehigh during late 2008 and thereafter.

41. Commander failed to pay property taxes for the Union Property.

42. Commander failed to pay the mortgage on the Union Property.

43. On February 28, 2010, Skerianz terminated his employment at Darken and Metropolitan.

44. On or shortly after February 28, 2010, Skerianz abandoned his interests in, and ownership of, Darken, Metropolitan and Lehigh.

45. Skerianz guaranteed loans now held by TD Bank for the acquisition by Lehigh of the Union Property of approximately $5.5 million.

46. Skerianz guaranteed Small Business Administration loans now held by TD Bank for Darken and/or Metropolitan in the amount of approximately $2 million (the "**SBA Loan**").

47. The United States, by and through the Internal Revenue Service, unjustly and erroneously assessed a trust fund recovery penalty in the amount of approximately $1.6 million against Skerianz for Darken's and Commander's failure to pay the federal withholding and FICA taxes from Darken's employees from the fourth quarter of 2007 through the fourth quarter of 2009 (the "**Federal Employment Taxes**") of Darken for certain prior tax periods.

48. Because of the fact that the TD Bank debt and SBA Loan owed by Skerianz is overwhelmingly high and unmanageable, Skerianz was forced to file for bankruptcy.

49. During 2007, 2008 and 2009, Commander misappropriated business opportunities of Darken and/or Metropolitan to other business ventures, to the exclusion of Skerianz and such acts directly and proximately caused damage to Skerianz.

50. Commander did not perform his duties at Darken and Metropolitan as he was relied upon by Skerianz to do.

51. During the time that Commander and Skerianz were business partners in Darken and Metropolitan, Commander formed or caused to be formed additional legal entities and caused transfers of assets from Darken and Metropolitan to be made to such other entities and such transfers.

52. During the time that Commander and Skerianz were business partners in Darken and Metropolitan, Commander caused Metropolitan to avoid paying Darken for millions of dollars in value for services provided by Darken to Metropolitan.

53. During the time that Commander and Skerianz were business partners in Darken and Metropolitan, Commander caused Darken to be or become insolvent.

## AFFIRMATIVE DEFENSES

54. Skerianz repeats each and every one of his prior statements hereinabove as if fully set forth in this paragraph.

55. Skerianz was not the individual responsible for paying the Federal Employment Taxes of Darken for tax years 2007, 2008 or 2009.

56. Skerianz did not willfully fail to pay any such Federal Employment Taxes of Darken for tax years 2007, 2008 or 2009.

57. Skerianz did not willfully evade paying any such Federal Employment Taxes of Darken for tax years 2007, 2008 or 2009.

58. Skerianz lacked control or substantial control over banking activities and assets of Darken during 2007, 2008 and 2009.

59. Skerianz lacked control or substantial control over assets of Darken during 2007, 2008 and 2009.

60. Commander repeatedly represented to Skerianz that the Federal Employment Taxes of Darken for tax years 2007, 2008 and 2009 would be paid.

61. Skerianz relied upon Commander's representations that the Federal Employment Taxes of Darken for the tax years of 2007, 2008 and 2009 would be paid.

62. Skerianz was not aware that the employment taxes of Darken for the tax year of 2007 was not paid until after such time as Skerianz thought he had no longer had authority or control to pay such Federal Employment Taxes.

63. Skerianz was not aware of that the Federal Employment Taxes of Darken for the tax year of 2008 was not paid until after such time as Skerianz thought that he no longer had the authority or control to pay such Federal Employment Taxes.

64. Skerianz was not aware of that the Federal Employment Taxes of Darken for the tax year of 2009 was not paid until after such time as Skerianz thought that he no longer had the authority or control to pay such Federal Employment Taxes.

65. Commander was the person who had the control and authority to pay the Federal Employment Taxes of Darken during 2007, 2008 and 2009.

66. Commander was the person responsible for paying, and required to pay, the Federal Employment Taxes of Darken for 2007, 2008 and 2009.

67. Commander willfully failed to pay the Federal Employment Taxes of Darken for 2007, 2008 and 2009.

68. Skerianz was not aware that Commander had willfully failed to pay the Federal Employment Taxes of Darken for 2007, 2008 or 2009.

69. Commander misappropriated assets of Darken to willfully avoid payment of the Federal Employment Taxes of Darken for 2007, 2008 and 2009.

70. Skerianz was not the day-to-day manager or officer of Darken responsible for payment of Federal Employment Taxes of Darken during 2007, 2008 or 2009.

71. Commander was the day-to-day manager and officer of Darken responsible for payment of Federal Employment Taxes of Darken during 2007, 2008 and 2009.

72. Skerianz was not the day-to-day manager or officer of Darken responsible for payment of any liabilities of Darken during 2007, 2008 or 2009.

73. Commander was the day-to-day manager and officer of Darken responsible for the payment of all liabilities of Darken during 2007, 2008 and 2009.

74. Skerianz could not pay any liabilities of Darken without Commander's explicit approval.

75. Skerianz's status as signatory on any bank accounts of Darken was terminated by Commander prior to being able to pay any taxes.

76. Skerianz did not sign any tax returns of Darken for tax years 2007, 2008 or 2009.

77. Commander signed all tax returns of Darken for tax years 2007, 2008 and 2009.

78. Skerianz did not exercise any control over the finances of Darken during 2007, 2008 or 2009.

79. Commander exercised significant control over the finances of Darken during 2007, 2009 and 2009.

80. Skerianz had reasonable cause to not pay Federal Employment Taxes of Darken during 2007, 2008 and 2009.

81. Skerianz is not liable for the Federal Employment Taxes of Darken because such taxes should be dischargeable in bankruptcy.

82. Skerianz is not liable for the Federal Employment Taxes for Darken for tax years 2007, 2008 or 2009 because any finding that such taxes are non-dischargeable in bankruptcy is unconstitutional under the Federal Constitution.

83. Skerianz did not willfully fail to truthfully account for the Federal Employment Taxes of Darken for tax years 2007, 2008 or 2009.

84. Any damages alleged by United States were directly and/or proximately caused by persons other than Skerianz.

85. United States failed to mitigate its damages.

86. Skerianz reasonably relied upon Commander's misrepresentations.

WHEREFORE, Skerianz demands judgment in favor of Skerianz, to dismiss the Complaint, to award Skerianz his costs and expenses, including his reasonable attorneys' fees, and to award to Skerianz any other relief this Court deems just.

## COUNTERCLAIM

87. Skerianz repeats each and every one of his prior statements hereinabove as if fully set forth in this paragraph.

88. United States assessed a deficiency of Federal Employment Taxes for Darken for tax years 2007, 2008 and 2009.

89. United States erroneously assessed an alleged trust fund recovery penalty against Skerianz for such underlying Federal Employment Taxes of Darken.

90. Skerianz filed U.S. Forms 941 for all quarters in 2007, 2008 and 2009 and along with, and as part of, such filings, Skerianz paid one thousand dollars ($1,000) in the aggregate to the United States for and as a divisible portion of the outstanding Federal Employment Taxes of Darken for all such quarters of 2007, 2008 and 2009.

91. Skerianz then filed a timely claim for refund of such tax payment with United States and written protest of such alleged trust fund recovery penalty stating his grounds for his defense of such liability.

92. Skerianz then received a notice of disallowance from United States of his said claim for refund.

93. Skerianz then filed a timely administrative appeal with United States regarding United States' disallowance of Skerianz's said claim for refund.

94. Skerianz is not individually or otherwise liable for any of the Federal Employment Taxes of Darken 2007, 2008 and 2009 or for any trust fund recovery penalties in association therewith.

WHEREFORE, Skerianz demands judgment against United States for refund of overpayment of any and all tax paid and determination against United States and in favor of Skerianz that Skerianz is not responsible for any alleged trust fund recovery penalty involving any employment tax liabilities of Darken.

## CROSSCLAIMS

95. Skerianz repeats each and every one of his prior statements hereinabove as if fully set forth in this paragraph.

## COUNT ONE

## MISAPPROPRIATION OF ASSETS

96. Skerianz repeats and realleges each and every previous statement as if fully set forth herein.

97. Commander misappropriated and/or diverted assets to and for the benefit of Commander but away from Skerianz without Skerianz's authorization, knowledge and/or consent.

98. The foregoing acts and omissions of Commander constituted unauthorized misappropriation by Commander against Skerianz.

99. By reason of the foregoing, and as a direct and proximate result thereof, Skerianz sustained damages.

WHEREFORE, Skerianz demands judgment in favor of Skerianz against Commander for the following: compensatory and actual damages; consequential damages, incidental damages, and interest; costs, fees and expenses incurred by Skerianz in connection with this

action, including, without limitation, Skerianz's attorneys' fees and experts' fees; and any other relief that this Court deems just.

## COUNT TWO

## NEGLIGENCE

100. Skerianz repeats and realleges each and every previous statement as if fully set forth herein.

101. Commander owed Skerianz a duty of care.

102. Commander breached said duty of care.

103. Commander did not perform services with due care but did so carelessly and negligently.

104. By reason of the foregoing, and as a direct and proximate result thereof, Skerianz sustained damages.

WHEREFORE, Skerianz demands judgment in favor of Skerianz against Commander for the following: compensatory and actual damages; consequential damages, incidental damages, and interest; costs, fees and expenses incurred by Skerianz in connection with this action, including, without limitation, Skerianz's attorneys' fees and experts' fees; and any other relief that this Court deems just.

## COUNT THREE

## BREACH OF CONTRACT

105. Skerianz repeats and realleges each and every previous statement as if fully set forth herein.

106. Commander had various oral and written contracts and agreements by and between one another about their respective duties and obligations to each other and the companies.

107. Commander did not perform services under said agreements or performed such services in a defective manner.

108. Commander breached the agreements he made with Skerianz.

109. Commander's breach directly and proximately caused damages to Skerianz.

110. Skerianz will be required to incur substantial costs to remedy the defects caused by Commander.

111. By reason of the foregoing, and as a direct and proximate result thereof, Skerianz sustained damages.

WHEREFORE, Skerianz demands judgment in favor of Skerianz against Commander for the following: compensatory and actual damages; consequential damages, incidental damages, and interest; costs, fees and expenses incurred by Skerianz in connection with this action, including, without limitation, Skerianz's attorneys' fees and experts' fees;  and any other relief that this Court deems just.

## COUNT FOUR

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

112. Skerianz repeats and realleges each and every previous statement as if fully set forth herein.

113. Skerianz did all of the significant things that he was required to do under the agreements with Commander.

114. All conditions required for Commander's performance under the agreements had occurred.

115. Commander unfairly interfered with Skerianz's right to receive the benefits of the agreements; and

116. Commander's aforesaid acts and omissions constituted bad faith and unfair dealing against Skerianz.

117. Commander's conduct was a breach of the implied covenant of good faith and fair dealing.

118. Skerianz was directly and proximately harmed by Commander's said bad faith and unfair conduct.

119. By reason of the foregoing, and as a direct and proximate result thereof, Skerianz sustained damages.

WHEREFORE, Skerianz demands judgment in favor of Skerianz against Commander for the following: compensatory and actual damages; consequential damages, incidental damages, and interest; costs, fees and expenses incurred by Skerianz in connection with this action, including, without limitation, Skerianz's attorneys' fees and experts' fees; and any other relief that this Court deems just.

## COUNT FIVE

### BREACH OF DUTY OF LOYALTY

120. Skerianz repeats and realleges each and every previous statement as if fully set forth herein.

121. Commander owed Skerianz a duty of loyalty to Skerianz.

122. Commander breached said duty of loyalty.

123. Commander diverted business opportunities to other business ventures to the exclusion of Skerianz.

124. By reason of the foregoing, and as a direct and proximate result thereof, Skerianz sustained damages.

WHEREFORE, Skerianz demands judgment in favor of Skerianz against Commander for the following: compensatory and actual damages; consequential damages, incidental

damages, and interest; costs, fees and expenses incurred by Skerianz in connection with this action, including, without limitation, Skerianz's attorneys' fees and experts' fees; and any other relief that this Court deems just.

## COUNT SIX

### FRAUD AND MISREPRESENTATION

125. Skerianz repeats and realleges each and every previous statement as if fully set forth herein.

126. Commander misrepresented to Skerianz that he was performing and fulfilling his duties in the companies and that he was paying taxes to the IRS and State of New Jersey and that he was paying required amounts to the unions.

127. Commander's misrepresentations were made with the intent to induce Skerianz to continue to work at the companies and to continue to rely upon Commander to pay the debts of the companies, including, without limitation, the employment taxes of Darken.

128. Commander knew that his respective statements and misrepresentations were false statements.

129. Skerianz relied upon all of such of the foregoing misrepresentations.

130. The foregoing acts and omissions of Commander constituted fraud against Skerianz.

131. Skerianz was directly and proximately harmed by such Commander's misrepresentations and fraudulent conduct.

132. By reason of the foregoing, and as a direct and proximate result thereof, Skerianz sustained damages.

WHEREFORE, Skerianz demands judgment in favor of Skerianz against Commander for the following: compensatory and actual damages; consequential damages, incidental damages,

and interest; costs, fees and expenses incurred by Skerianz in connection with this action, including, without limitation, Skerianz's attorneys' fees and experts' fees; and any other relief that this Court deems just.

### COUNT SEVEN

### PROMISSORY ESTOPPEL

133. Skerianz repeats and realleges each and every previous statement as if fully set forth herein.

134. Commander promised Skerianz that Commander would satisfy the Federal Employment Taxes of Darken for tax years 2007, 2008 and 2009 or cause them to be satisfied.

135. Commander's promises were made to Skerianz with Commander's expectation that the Skerianz would rely upon Commander's promises.

136. Skerianz reasonably relied upon such promises to his detriment.

137. Skerianz incurred economic damages because Commander failed to pay such taxes.

138. By reason of the foregoing, and as a direct and proximate result thereof, Skerianz sustained damages.

WHEREFORE, Skerianz demands judgment in favor of Skerianz against Commander for the following: compensatory and actual damages; consequential damages, incidental damages, and interest; costs, fees and expenses incurred by Skerianz in connection with this action, including, without limitation, Skerianz's attorneys' fees and experts' fees; and any other relief that this Court deems just.

## COUNT EIGHT

### FRAUDULENT TRANSFERS

139. Skerianz repeats and realleges each and every previous statement as if fully set forth herein.

140. During the time that Commander and Skerianz were business partners, Commander transferred assets of Darken and Metropolitan to different entities without receiving sufficient consideration or value therefor.

141. The transfers of assets made by Commander were made to avoid creditors, including, without limitation, the United States and Skerianz.

142. The transfers of assets made by Commander were made to insiders.

143. The transfers of assets made by Commander were made to entities controlled by Commander.

144. The transfers of assets made by Commander were concealed from Skerianz and creditors of Darken and Metropolitan.

145. The transfers of assets made by Commander were made after Darken and Metropolitan were sued or threatened with lawsuits.

146. The transfers of assets made by Commander rendered Darken insolvent.

147. The transfers of assets made by Commander were made shortly before a substantial debt was incurred.

148. The transfers of assets made by Commander were made with the intent or effect of hindering, delaying or defrauding the United States, Skerianz and/or other creditors.

149. By reason of the foregoing, and as a direct and proximate result thereof, Skerianz sustained damages.

WHEREFORE, Skerianz demands judgment in favor of Skerianz against Commander for the following: compensatory and actual damages; consequential damages, incidental damages, and interest; costs, fees and expenses incurred by Skerianz in connection with this action, including, without limitation, Skerianz's attorneys' fees and experts' fees;  and any other relief that this Court deems just.

## COUNT NINE

### INDEMNIFICATION

150. Skerianz repeats and realleges each and every previous statement as if fully set forth herein.

151. Skerianz crossclaims against Commander for indemnification.

152. Commander was wholly at fault for failure to pay the Federal Employment Taxes of Darken.

153. Skerianz was not at fault for his failure to pay the Federal Employment Taxes of Darken.

154. By reason of the foregoing, and as a direct and proximate result thereof, Skerianz sustained damages.

WHEREFORE, Skerianz demands judgment in favor of Skerianz against Commander for the following: compensatory and actual damages; consequential damages, incidental damages, and interest; costs, fees and expenses incurred by Skerianz in connection with this action, including, without limitation, Skerianz's attorneys' fees and experts' fees;  and any other relief that this Court deems just.

## COUNT TEN

### CONTRIBUTION

155. Skerianz repeats and realleges each and every previous statement as if fully set forth herein.

156. Skerianz crossclaims against Commander for contribution under N.J.S.A. §§ 2A:15-5.3(a) , 2A:15-5.3(c)  and 2A:53A-3.

157. Commander was more negligent than Skerianz in failing to pay the Federal Employment Taxes of Darken for tax years 2007, 2008 and 2009.

158. Commander was greater than 60% negligent than Skerianz in failing to pay the Federal Employment Taxes of Darken for tax years 2007, 2008 and 2009.

WHEREFORE, Skerianz demands judgment in favor of Skerianz against Commander for the following: compensatory and actual damages; consequential damages, incidental damages, and interest; costs, fees and expenses incurred by Skerianz in connection with this action, including, without limitation, Skerianz's attorneys' fees and experts' fees;  and any other relief that this Court deems just.

## THIRD PARTY COMPLAINT

## COUNT ONE

## NEGLIGENCE – ACCOUNTANT MALPRACTICE

159. Skerianz repeats each and every one of his prior statements hereinabove as if fully set forth in this paragraph.

160. Dragotto was the tax accountant for Skerianz and prepared income tax returns for Skerianz for all quarters involving tax years 2007, 2008, 2009 and 2010.

161. Dragotto was the tax accountant for Darken during 2007 and prepared U.S. Forms 941 for tax years 2007, 2008, 2009 and 2010 for Darken.

162. Dragotto was aware of the Federal Employment Taxes of Darken for 2007, 2008, 2009, 2010 tax years.

163. Dragotto did not advise Skerianz about trust fund recovery penalties associated and/or resulting from Darken's failure to pay Federal Employment Taxes of Darken for, concerning and/or involving tax periods in and around 2007, 2008 or 2009.

164. Dragotto failed to advise Skerianz or Darken to plan and/or otherwise reserve assets for payment of Federal Employment Taxes of Darken.

165. Dragotto failed to advise Skerianz about any individual liability Skerianz could or might have for the Federal Employment Taxes of Darken.

166. Dragotto accepted the employment and undertook to represent Skerianz as his tax accountant.

167. Skerianz relied upon the advice and counsel of Dragotto and made decisions and performed transactions following the recommendations of Dragotto.

168. Dragotto owed Skerianz a duty to represent him with reasonable care, skill and diligence.

169. The care, skill or knowledge exercised or exhibited by, and in the work of, Dragotto fell outside acceptable professional standards or practices.

170. Dragotto breached his duty of care, skill and diligence to Skerianz.

171. By reason of the foregoing, and as a direct and proximate result thereof, Skerianz sustained damages.

WHEREFORE, Skerianz demands judgment in favor of Skerianz against Dragotto for the following: compensatory and actual damages; consequential damages, incidental damages, and interest; costs, fees and expenses incurred by Skerianz in connection with this action, including, without limitation, Skerianz's attorneys' fees and experts' fees;  and any other relief that this Court deems just.

## COUNT TWO

## BREACH OF CONTRACT

172. Skerianz repeats each and every one of his prior statements hereinabove as if fully set forth in this paragraph.

173.   Skerianz hired Dragotto to prepare his income tax returns and to advise him about tax matters, including, without limitation, tax matters involving Darken and the trust fund recovery penalties associated with the Federal Employment Taxes of Darken for tax years 2007, 2008 and 2009.

174.   Dragotto accepted employment to provide such services.

175.   Dragotto failed to perform certain such services.

176.   Dragotto breached the contract entered into with Skerianz for such services.

177.   By reason of the foregoing, and as a direct and proximate result thereof, Skerianz sustained damages.

WHEREFORE, Skerianz demands judgment in favor of Skerianz against Dragotto for the following: compensatory and actual damages; consequential damages, incidental damages, and interest; costs, fees and expenses incurred by Skerianz in connection with this action, including, without limitation, Skerianz's attorneys' fees and experts' fees;  and any other relief that this Court deems just.

## JURY DEMAND

Skerianz demands a trial by jury as to all issues.

Dated:  April 18, 2013

DARREN M. BALDO, ESQ, CPA, LLM
Attorney at Law, LLC
Attorney for Skerianz Kenneth Skerianz
By: *s/ Darren M. Baldo*
4093 Quakerbridge Rd.
Princeton Jct., NJ 08550
Phone 609-799-0090
Fax 609-799-0095
darren@dbaldolaw.com