UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

September 22, 2015

### LETTER ORDER

Re:   <u>United States of America v. Commander, et al.</u>
      Civil Action No. 13-1092 (AET)

Dear Counsel:

Pending before the Court is a discovery dispute concerning what discovery Defendant Kenneth Skerianz may obtain from non-party Frank Dragotto.  As you know, Mr. Dragotto was the tax and financial accountant for Darken Architectural Woodwork Installation LLC ("Darken").  Mr. Dragotto also performed accounting work for Defendant Darren Commander and, in the past, Mr. Skerianz.  Mr. Dragotto was previously deposed in this matter.  However, his deposition proved unsatisfactory in large part because of his inability to answer the questions asked due to his lack of access to various documents coupled with his refusal to answer numerous questions after his attorney objected to same on relevance grounds.

The Court addressed these issues in its Letter Order entered on August 4, 2015.  (*See* Docket Entry No. 37).  With respect to Mr. Dragotto's refusal to answer certain questions, the Court, in lieu of requiring Plaintiff or Mr. Skerianz to file a motion to compel, directed that they submit written questions to Mr. Dragotto, who was instructed to answer same or submit to this Court his bases for objecting.  (*Id.* at 2).  Mr. Dragotto complied, submitting a letter to the Court dated August 17, 2015, outlining his objections to the questions submitted by Mr. Skerianz along with his objections to the attendant

document requests. Mr. Skerianz responded to same on August 25, 2015. Mr. Commander also responded on August 25, 2015. The Court addresses the propriety of Mr. Dragotto's objections herein.

Federal Rule of Civil Procedure ("Rule") 26 governs the permissible scope of discovery. Pursuant to Rule 26, the scope of discovery is quite broad. Indeed, pursuant to Rule 26(b):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Despite this breadth, the scope of discovery is not limitless. For example, "courts will not permit parties to engage in fishing expeditions" because "the discovery rules are designed to assist a party to prove a claim that it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim." *MacDermid Printing Solutions, L.L.C. v. E.I. du Pont de Nemours and Co.*, Civil Action No. 07-4325 (MLC), 2008 WL 323764, *1 (D.N.J. Feb. 5, 2008) (internal quotation marks and citation omitted).

Further, the Court notes that it maintains broad discretion in deciding discovery issues like those presented. *See Gerald Chamles Corp. v. Oki Data Americas*, *Inc.*, Civ. No. 07-1947 (JEI), 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]") Indeed, it is well settled that the appropriate scope of discovery and the management of requests for discovery are left to the sound discretion of the Court. *See Salamone v. Carter's Retail, Inc.*, Civil Action No. 09-5856 (GEB) 2011 WL 310701, *5 (D.N.J. Jan. 28, 2011); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (finding that conduct of discovery is committed to sound discretion of Court). The Court has utilized said discretion in deciding the discovery issues related to Mr. Dragotto's objections to the written questions posed by Mr. Skerianz as well as the document demands served on him.

2

The Court first addresses the written questions served on Mr. Dragotto. Mr. Dragotto has raised objections to the following twenty-one questions all on relevance grounds:  2 - 4, 6, 7, and 9 - 25.  Mr. Dragotto has grouped his objections as follows:

(1) he claims that questions 2-4 and 6 are irrelevant because they pertain to the records of Metropolitan Architectural Woodwork LLC ("Metropolitan");

(2) he argues that question 7 is irrelevant because it relates to Mr. Commander's personal income tax for the years 2007, 2008, 2009 and 2010;

(3) he contends that questions 9-18, which inquire into the services Mr. Dragotto provided and/or provides to Mr. Commander and/or his current entities, as well as the payments for same, are irrelevant to the issues in this case;

(4) he claims that questions 19-14, which ask whether Mr. Dragotto prepared the Forms 941 that gave rise to the liability to the United States and if these forms are accurate, are irrelevant because liability is already fixed and *res judicata*; and

(5) he contends that he has already asked and answered question 25 and there is no relevance into further exploring the compensation he received from Mr. Commander.

Generally, the Court finds Mr. Dragotto's view of relevance to be too narrow. As noted above, the scope of discovery under Rule 26(b) is broad. To be relevant, information need not be admissible at trial. Instead, it need only be reasonably calculated to lead to the discovery of admissible evidence. As the Advisory Committee Notes make clear, "[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims and defenses raised in a given action." Rule 26, Advisory Committee Notes, 2000 Amendment, Subdivision (b)(1). Organizational arrangements, for example, are a type of information, which under the right set of circumstances, could be likely to lead to the discovery of admissible information. *See id*. Further, "information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable."

*Id.*

This matter involves the United States' alleged trust fund recovery penalties ("TFRP") against Messrs. Skerianz and Commander originating from the unpaid federal employment tax liabilities of Darken for the calendar quarters of 2007 through 2009. Mr. Dragotto argues that the only information relevant to this action is information that would prove or dispel that Mr. Skerianz and/or Mr. Commander are responsible parties who can be held responsible for the tax due to the United States from Darken. Mr. Dragotto contends any other information, including information related to the amount of tax owed, which Mr. Dragotto argues is *res judicata*, is irrelevant.[1] While the Court agrees that information pertaining to whether Mr. Skerianz and/or Mr. Commander are responsible parties is relevant, the Court disagrees that that represents the sole universe of relevant and therefore discoverable information. For example, as noted by Mr. Skerianz, another area appropriate for discovery pertains to whether Mr. Skerianz and/or Mr. Commander willfully failed to pay the amount due to the IRS. *See Brounstein v. United States*, 979 F.2d 952, 954 (3d Cir. 1971). Information bearing on the credibility of the parties and other witnesses would also be relevant.

The Court shall require Mr. Dragotto to answer the questions posed to him. With respect to the questions involving Metropolitan, *i.e.*, questions 2-4 & 6, these questions simply ask Mr. Dragotto:

(2) where the copies of the contents of his files regarding Metropolitan for transactions during 2007 through the first quarter of 2010 are currently located;

(3) when he removed the Metropolitan files from his office;

(4) where he placed the Metropolitan files; and

(6) whether Mr. Commander instructed or requested that he move the Metropolitan files from his office. While at first blush it may seem curious for Mr. Skerianz to ask questions about Metropolitan,

---

[1] Mr. Dragotto concedes that certain information pertaining to credibility is relevant.

these questions are better understandable when put in context: Mr. Dragotto was the tax and financial account for both Darken and Metropolitan from 2003 through 2010. Metropolitan, while a separate company from Darken, operated out of the same office as Darken between 2007 and 2010 and many of the witnesses in this matter provided services to both companies. Further, intercompany liability existed between Metropolitan and Darken. Under these circumstances, the questions posed, which do not address the substance of Metropolitan's files, are appropriate.

Question 7 merely asks whether Mr. Dragotto prepared the income tax returns for Darren Commander during 2007, 2008, 2009 and 2010. The question does not seek any substantive information about the income tax returns, but only if Mr. Dragotto prepared them. The Court finds this question to be relevant to credibility issues and shall require Mr. Dragotto to answer same.

With respect to questions 9 - 18, which ask whether Mr. Dragotto is currently performing or at any time in 2010-2015 performed services for Mr. Commander or a legal entity owned at least in part by Mr. Commander; if so, the services provided; how much was charged for the services; how much was paid for the services; and how much is still owed for the services. Will some substantive information is implicated, they mainly seek relatively general information relevant to credibility issues. As a result, the Court shall require Mr. Dragotto to answer same.

Questions 19-24, all involve the Forms 941 prepared for Darken for the fourth quarters or 2007 and 2008 and all four quarters of 2009. The questions posed ask if Mr. Dragotto prepared the Forms 941 and whether the information contained in same is accurate. The Court finds these questions to be relevant to the claims and defenses at issue in this TFRP matter. The fact that the tax owed by Darken has already been determined does not render these questions irrelevant for discovery purposes. Consequently, Mr. Dragotto is directed to answer same.

Lastly, question 25 asks Mr. Dragotto if he is receiving any benefits from a legal entity owned at least in part by Mr. Commander and if so, which company as well as the type of benefits, perquisites

and/or insurance coverage provided. Mr. Dragotto maintains that he has already answered this question, during his deposition, during which Dragotto answered that he is receiving health insurance from a company owned by Mr. Commander. (Dragotto Tr. of 6/23/2015 at 125:3-11). Additional information sought via question 25 was not provided. While Mr. Dragotto contends that there is no relevance in delving deeper into his compensation from Mr. Commander, the Court again believes that Mr. Dragotto's view of relevance is too limited. This information bears on the credibility of Mr. Commander and Mr. Dragotto and is relevant. Mr. Dragotto is directed to respond fully to question 25.

In addition to the aforementioned written questions, four document requests are in dispute. The Court addresses them in turn below:

1. Document Request No. 1: "Please produce all of your laptop and desktop computers for review and inspection that you previously used for any work regarding Darken and/or Metropolitan and that have saved upon it any contents of Your Darken Files and/or Your Metropolitan Files."

   The Court shall require Mr. Dragotto to produce all of the laptop and desktop computers he used for any work regarding Darken that have saved upon them any contents of his Darken Files. The Court shall not, however, at this time require Mr. Dragotto to produce any computers that he used for work regarding Metropolitan. While the Court has compelled Mr. Dragotto to answer non substantive questions about Metropolitan based on the fact that Metropolitan operated out of the same office as Darken between 2007 and 2010, many of the witnesses in this matter provided services to both companies and intercompany liability existed between Metropolitan and Darken, the Court, on the record before it, is not convinced that discovery into the substance of Metropolitan's files is warranted.

2. Document Request No. 2: "Any and all documents, letters, memoranda, copies of electronic mail, facsimiles or handwritten notes that are or may be relevant in this action and/or involving the parties to this action and/or involving the U.S. Forms 941 of Darken Architectural Woodwork Installation LLC during and involving the years January 1, 2007 through March 31, 2010: (a) by, from and between the parties in this case and (b) by, from and between any parties in this case and any other third parties, persons and/or legal entities."

For the reasons stated above, the Court largely finds the information requested in this demand to be relevant. Nevertheless, the Court finds the clause "and/or involving the parties to this action" to be overbroad. As a result, this clause shall be stricken from the request. Mr. Dragotto, however, must otherwise produce all responsive documents in his possession, custody and/or control. In producing documents, relevance should be viewed with the Court's earlier rulings in mind. However, Mr. Dragotto need not at this juncture produce Mr. Commander's personal income tax returns or any documents related to work performed personally for Mr. Commander or for a legal entity, other than Darken, that Mr. Commander owned at least in part. While the Court has required Mr. Dragotto to answer questions regarding these areas based on their relevance to potential credibility issues, the Court is not convinced that additional discovery is warranted at this time.

3. <u>Document Request No. 3</u>: "Records of diaries, schedules, records of meetings, dates, appointments, telephone conversations, and other similar records kept by Deponent and the Internal Revenue Service involving federal employment taxes and U.S. Forms 941 of Darken Architectural Woodwork Installation LLC during and involving the years 2007 through 2010."

For the reasons stated above, the Court has already determined that information pertaining to Darken's Forms 941 are relevant. As a result, Darken is directed to produce all responsive documents in its possession, custody and/or control.

4. <u>Document Request No. 4</u>: "Any and all documents, letters, memoranda, copies of electronic mail, facsimiles or handwritten notes that may support or tend to support or be proffered as evidence or otherwise used in this case by Deponent and/or concerning, involving and related to the claims and defenses of Deponent in this case."

The Court finds it unlikely that Mr. Dragotto, a non-party to this action will have any responsive documents. As a non-party, he does not have any claims or defenses in this matter. Therefore, the Court fails to see how he would have any documents related to same. The Court asks Mr. Dragotto to confirm that no responsive documents exist.

**IT IS SO ORDERED.**

    s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**