NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DARREN COMMANDER and<br>KENNETH SKERIANZ,<br><br>　　　　　Defendants. | Civ. No. 13-1092<br><br>**OPINION** |

THOMPSON, U.S.D.J.

　　This matter comes before the Court upon motions for summary judgment brought by Defendant Darren Commander ("Defendant" or "Commander") (ECF No. 57) and by Plaintiff United States of America ("Plaintiff" or "Government") (ECF No. 58). Each motion is opposed. (ECF Nos. 59, 60, respectively). The Court has issued the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendant's Motion for Summary Judgment will be denied and Plaintiff's Motion for Summary Judgment will be granted.

**BACKGROUND**

　　This case involves Defendants' failure to pay income and employment taxes they were required to withhold and pay from employees' wages. The undisputed facts are as follows: Defendants Darren Commander and Kenneth Skerianz ("Skerianz") formed Darken Architectural Woodwork Installation LLC ("Darken") in 2003. (Pl.'s Undisputed Facts ¶ 5, ECF No. 58-1). Commander and Skerianz were each fifty-percent owners of Darken, signatories of Darken's Operating Agreement, and the sole officers of Darken. (*Id.* ¶¶ 8–11). Darken was

member-managed, and all company decisions and actions and many significant financial transactions had to be by majority vote or with the other member's consent. (*Id.* ¶¶ 13–14). Skerianz was responsible for hiring field employees, assigning employees to each job, ensuring work was completed in the field, recording hours worked, and distributing employee paychecks. (Def.'s Undisputed Facts ¶¶ 24, 25, 29, ECF No. 57-3). Commander was aware that employers are required to withhold employment and income taxes from their employees' wages. (Pl.'s Undisputed Facts ¶ 39, ECF No. 58-1). Those withheld taxes are held in trust by the employer to be paid to the Government; as such, they are sometimes referred to as "trust fund taxes." Darken continued to employ and pay workers through 2009. (*Id.* ¶ 57). Recovery penalties totaling $1,591,262.24 were assessed against Commander in 2010 for failure to pay income and employment taxes for Darken's employees between 2007 and 2009. (*Id.* ¶¶ 1–3). Plaintiff alleges that the amount due as of February 20, 2017 is $1,946,023.93, which includes the statutory interest that accrued since the due date.

During the pendency of this action, Defendant Skerianz passed away; Plaintiff moved to voluntarily dismiss Skerianz from the action, without prejudice, and that motion was granted on November 15, 2016. (ECF No. 54). Thus, Commander is the sole remaining defendant in this case.

Plaintiff and Defendant each moved for summary judgment on February 13, 2016. These motions are presently before the Court.

## **LEGAL STANDARD**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead

a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248–49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS

### A. Plaintiff's Motion for Summary Judgment

In its Complaint, Plaintiff alleges that Defendant is liable for violations of 26 U.S.C. § 6672. Employers must withhold income, Social Security, and Medicare taxes from their employees' wages and hold such taxes in trust for the United States. 26 U.S.C. §§ 3102, 3402, 7501; *Greenberg v. United States*, 46 F.3d 239, 242 (3d Cir. 1994). Because the United States is required to credit employees for these withheld "trust fund taxes" regardless of whether they are

actually paid over to the Government by the employer, *In re RIBS-R-US, Inc.*, 828 F.2d 199, 200 (3d Cir. 1987) (citing *Slodov v. United States*, 436 U.S. 238, 243 (1978)), Congress provided that an employer's responsible persons, such as officers and managers, can be held personally liable under 26 U.S.C. § 6672 for "trust fund recovery penalties" if the trust fund taxes are not paid over when due. *United States v. Pepperman*, 976 F.2d 123, 127 (3d Cir. 1992). Liability under § 6672 is joint and several among responsible persons, and "each responsible person can be held [liable] for the total amount of withholding not paid." *Quattrone Accountants, Inc. v. I.R.S.*, 895 F.2d 921, 926 (3d Cir. 1990).

> The two elements for liability under § 6672 are:
>
> (i) the individual was a responsible person within the business, i.e., someone required to collect, truthfully account for, or pay over the trust fund taxes; and
>
> (ii) the taxpayer willfully failed to do so.

*Quattrone*, 895 F.2d at 927; *Brounstein v. United States*, 979 F.2d 952, 954 (3d Cir. 1992).

Plaintiff argues Defendant was a responsible person who willfully failed to pay employment taxes in violation of § 6672, and, therefore, Plaintiff is entitled to summary judgment.

"Responsibility is a matter of status, duty or authority, not knowledge." *Quattrone*, 895 F.2d at 927. "A person is responsible if the person has significant, though not necessarily exclusive, control over the employer's finances." *Quattrone*, 895 F.2d at 927 (citing *United States v. Vespe*, 868 F.2d 1328, 1332 (3d Cir. 1983)). "A person has significant control if he has the final or significant word over which bills or creditors get paid." *Quattrone*, 895 F.2d at 927. In determining whether an individual is a responsible person, courts also consider:

> (1) The contents of the corporation's bylaws;
> (2) whether the individual had the ability to sign checks on the company's bank accounts;

      (3) whether the individual signed the company's tax returns;
      (4) whether the individual made payments to other creditors instead of the United States;
      (5) the identity of the officers, directors, and principal stockholders of the company;
      (6) the identity of the individuals with authority to hire and/or fire employees;
      (7) the identity of the individuals in control of the company financial affairs.

*Brounstein*, 979 F.2d at 954.

Defendant does not dispute that he was a fifty-percent owner and one of two officers of a member-managed company, Darken, which failed to pay its trust fund taxes. (Pl.'s Undisputed Facts ¶¶ 8–11, 13–14, ECF No. 58-1; Def.'s Resp. ¶¶ 8–11, 13–14, ECF No. 60-1). Furthermore, his approval was required for all company decisions and actions and many significant financial transactions. (*Id.* ¶¶ 13–14). Defendant had check signing authority for Darken's bank accounts. (*Id.* ¶ 18). Defendant had and exercised power to pay the company's bills, and sign paychecks on occasion. (Def.'s Resp. ¶¶ 21–22). Thus, Defendant was a responsible party as a matter of status, duty, authority, and control.

Defendant argues that he did not know or have reason to know of the tax delinquencies and thus he is not liable. Defendant claims, "Skerianz was solely responsible and had the sole obligation for… making payroll and ensuring that the trust fund taxes were in fact remitted to the Internal Revenue Service." (Def.'s Undisputed Facts ¶¶ 45, 44, ECF No. 57-3). Furthermore, Defendant argues "[he] had no knowledge that the sums were not being paid," (*Id.* ¶ 45), and he only learned of the delinquency at the end of 2009, when he began to receive notices from the IRS, (*Id.* ¶ 48).

However, whether payroll and related taxes were the primary responsibility of Defendant—or those were the purview of Skerianz—is irrelevant, because Defendant was in a

responsible position in the business.  There is no remaining genuine issue of material fact on the first factor.

The second factor for liability under § 6672 is willfulness.  *Quattrone*, 895 F.2d at 927.  Willfulness under § 6672 is "a voluntary, conscious and intentional decision to prefer other creditors over the Government."  *Brounstein*, 979 F.2d at 955–56 (internal citation omitted).  "[W]illfulness" need not involve any evil motive or bad purpose, or actual knowledge of the tax delinquency.  *Greenberg*, 46 F.3d at 244.  The responsible person acts willfully if he (1) clearly ought to have known that (2) there was a grave risk that the withholding taxes were not being paid and (3) he was in a position to find out for certain very easily.  *Vespe*, 868 F.2d at 1335.  Alternatively, "[a] responsible person acts willfully when he pays other creditors in preference to the IRS knowing that taxes are due, or with reckless disregard for whether taxes have been paid."  *Brounstein*, 979 F.2d at 956.  "Reckless disregard includes the failure to investigate or correct mismanagement after being notified that withholding taxes have not been paid."  *Greenberg*, 46 F.3d at 246.  Where the responsible person "only later becomes aware that [taxes] were not paid, he acts willfully by paying other creditors in preference to the United States, even if money specifically withheld has been dissipated" already.  *Vespe*, 868 F.2d at 1334.

Plaintiff argues that Defendant knew of tax issues when they were occurring, from 2007 to 2009.  (Pl.'s Resp. to Def.'s Undisputed Facts ¶¶ 44–45, 47–48, ECF No. 59-1).  Defendant testified, "[T]here came a time I knew the taxes weren't being paid… Somewhere between 2007 and 2009."  (Commander Dep. Tr. 48:16–25, 113:7–114:25, ECF No. 58-8).  He further testified that during that time period he received regular updates about correspondence with the IRS regarding the delinquency.  (*Id.* 113:7–114:25).

Defendant submitted a declaration with his opposition to Plaintiff's motion for summary judgment, saying that he misspoke and meant to say that he subsequently learned that there were tax delinquencies between 2007 and 2009, rather than that he learned of the tax delinquencies between 2007 and 2009.  (Def.'s Opp'n Decl. ¶¶ 25–27, ECF No. 60-2).  However, "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009); *see also* Fed.R.Civ.P. 56(e)(2).  Defendant does not present specific facts that contradict his deposition testimony or show a genuine issue of material fact for trial.  *Id.*  Defendant's deposition testimony is clear.  These conclusory, self-serving statements only appear in opposition to Plaintiff's motion, when Defendant has the greatest motive to issue a self-serving statement.  Therefore, the Court is not persuaded that Defendant's Declaration in opposition to Plaintiff's Motion can defeat Plaintiff's Motion for Summary Judgment.  It appears that Defendant had actual knowledge that the taxes were not being paid.  The Court need not consider the disputed Dellelo deposition testimony in order to reach this conclusion.

Furthermore, as one of two managing members, Defendant clearly ought to have known that the withholding taxes were not being paid, and Defendant was certainly in a position to find out for certain.  *Vespe*, 868 F.2d at 1335.  Defendant does not dispute that he knew that Darken had to pay the trust fund taxes.  (Def.'s Resp. to Pl.'s Undisputed Facts ¶ 39, ECF No. 60-1).  Defendant paid employees and other creditors and did not remedy the tax delinquency.  (*Id.* ¶¶ 21–22).

Plaintiff has shown that Defendant is a responsible party with significant control over Darken's finances, and that he acted willfully, at least with reckless disregard for whether the

7

taxes had been paid. Therefore, there remain no genuine disputes as to material facts and Plaintiff is entitled to judgment as a matter of law.

### B. Defendant's Motion for Summary Judgment

Defendant argues he is not a responsible party and his acts were not willful because he was not the person primarily responsible for payroll and related taxes and did not have actual knowledge of the tax delinquency. (Def.'s Undisputed Facts ¶¶ 44, 45, 48, ECF No. 57-3).

As discussed in the preceding section of this Opinion, Defendant was a fifty-percent owner, one of two officers, and one of two managing members of this member-managed company. As such, Defendant was a responsible person in the business. Defendant testified that he was regularly informed that there were tax problems; therefore, he either knew or ought to have known that there was a grave risk that the withholding taxes were not being paid, and, as a managing member, he was in a position to find out for certain very easily. *See Vespe*, 868 F.2d at 1335. Therefore, when Defendant paid other creditors, he acted willfully, at least with reckless disregard for whether the taxes were paid.

Defendant has failed to show that he is entitled to summary judgment and Defendant's motion for summary judgment will be denied.

### CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 57) will be denied and Plaintiff's Motion for Summary Judgment (ECF No. 58) will be granted. A corresponding order will follow.

Date: 4/3/17

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

8